UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA WILLIAMS,

    Plaintiff,

v.

CITY OF DETROIT, et al.,

    Defendants.

Case No. 25-cv-12438

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Angela Williams' application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for failing state a plausible federal claim for relief.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Plaintiff's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court must dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up). "Although construed liberally, *pro se* civil-rights complaints must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' and 'a demand for the relief sought[.]'" *Nichols v. Kaure*, 667 F. Supp. 3d 529, 531 (E.D. Mich. 2023) (citations omitted). "These allegations 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."). Therefore, mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Here, Plaintiff asserts claims against the City of Detroit (the City), Wayne County (the County), the Detroit Police Department (DPD), the Wayne County Sherrif's Office (the Sherrif's Office), and various John Does.[1] (ECF No. 1). Plaintiff asserts various constitutional claims under 42 U.S.C. § 1983 arising from her arrest and prosecution in state court, as well as state-law claims for false arrest, false imprisonment, retaliatory prosecution, gross negligence, and "Official Misconduct." Plaintiff, however, does not specify what specific Defendant(s) is/are liable for each claim asserted. (ECF No. 1, PageID.1-2).

As an initial matter, any federal claim against DPD or the Sherriff's Office must be dismissed because they are not distinct legal entities subject to suit under § 1983. *See Adams v. Marquette Police Dep't*, No. 25-00226, 2025 U.S. Dist. LEXIS

---

[1] Although not included on the docket here, Plaintiff's complaint asserts that "Defendants John Does 1-10 are unknown individuals whose actions or inactions contributed to the violations of Plaintiff's rights, including officers or officials responsible for transport, booking, and recordkeeping." (ECF No. 1, PageID.1).

3

203611, at *4 (W.D. Mich. Oct. 7, 2025) ("Under Michigan law, municipal departments are not separate entities capable of being sued because they are agencies of the city."), dismissed on other grounds 2025 U.S. Dist. LEXIS 203098 (W.D. Mich. Oct. 15, 2025); *see also Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) ("under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983").

Next, any remaining federal claims against the City or the County must be dismissed as insufficiently pled. Critically, a municipality cannot be held liable under § 1983 simply because it employs a tortfeasor, nor can it be liable "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."). Instead, a municipality may be held liable "only for '[its] own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51 (2011) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). A plaintiff asserting a municipal liability claim under Monell "must connect the employee's conduct to a municipal 'policy' or 'custom.'" *Gambrel v. Knox Cnty.*, 25 F.4th 391, 408 (6th Cir. 2022) (quoting *Brown*, 520 U.S. at 403).

To do so, a plaintiff must demonstrate one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final

4

decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). A plaintiff then "must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Brown*, 520 U.S. at 404 (emphasis in original).

Here, Plaintiff asserts in relevant part: "COUNT V: Municipal Liability (*Monell* Claim) – Failure to Train, Supervise, or Discipline[.]" (ECF No. 1, PageID.2). But Plaintiff provides only this conclusory legal assertion, with no facts whatsoever to substantiate or explain how either the City or the County had a policy of inadequate training or supervision here. All federal claims against the City and the County are therefore dismissed. *See Wright v. Louisville Metro Gov't*, 144 F.4th 817, 827 (6th Cir. 2025) (district court correct to dismiss *Monell* claims because "[t]he original complaint included both a failure-to-train theory of *Monell* liability as well as a policy-or-custom theory" but "contains only bare legal conclusions, not factual allegations that plausibly allege *Monell* liability"); *see also Hall v. City of Detroit*, No. 15-2541, 2016 U.S. App. LEXIS 21175, at *2 (6th Cir. Jun. 16, 2016) ("While Hall's pro se complaint is entitled to a liberal reading, this court still requires more than bare assertions of legal conclusions. Hall's complaint does nothing more,

and fails to state a plausible claim for relief against the City of Detroit.") (unpublished; citations omitted).

Concerning the John Does, any federal claim against them is insufficiently pled because Plaintiff's allegations against them are essentially "an unadorned, the defendant-unlawfully-harmed me accusation." *See Ashcroft*, 556 U.S. at 678. Indeed, Plaintiff merely asserts that these defendants, through actions not specified in her complaint, generally contributed to violations of Plaintiff's rights. And to the extent she faults Defendants collectively for failing to transport her to court proceedings, it remains unclear from the complaint (1) how each Defendant was personally involved, if at all, in any constitutional violation; and (2) which facts relate to the various causes of action asserted. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (a complaint "violates Rule 8(a)(2)'s requirement that a plaintiff provide the defendants adequate notice of the claims against them and the grounds upon which each claim rests" when it fails "to connect specific facts or events with the various causes of action" asserted) (cleaned up).

In sum, all Plaintiff's federal claims are dismissed. And because Plaintiff has failed to state a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state claims. *See Harajli v. Naser*, No. 06-10486, 2007 U.S. Dist. LEXIS 15297, at *18 (E.D. Mich. Jan. 18, 2007), adopted by 2007 U.S. Dist. LEXIS 8951 (E.D. Mich. Feb. 8, 2007) ("If there is no federal claim to

which the state law can be supplemented, then there can be no supplemental jurisdiction."); *Page v. Upshaw*, No. 24-10074, 2024 U.S. Dist. LEXIS 103133, at *3-4 (E.D. Mich. May 10, 2024), adopted by 2024 U.S. Dist. LEXIS 28879 (E.D. Mich. Dec. 18, 2024) ("Because Page raises no federal claim against Castro, the Court should decline to exercise supplemental jurisdiction over his state-law defamation claim against her.").

* * *

For the reasons given, the Court ORDERS that the Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief.

The Court further ORDERS that Plaintiff may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: November 19, 2025          s/Robert J. White
                                                      Robert J. White
                                                      United States District Judge